THOMAS E. BURNS, Landlord, *v.* HUGH WALLACE, Tenant.

City Court of the City of Schenectady, March 6, 1948.

*Early & Kalteux* for landlord.

*Mitchell A. Kohn* for tenant.

BATES, J. The landlord in this case seeks to obtain possession of the lower flat of No. 448 N. Brandywine Avenue, in the city of Schenectady for the immediate purpose of substantially altering and remodeling the same so as to convert said flat into two apartments. The landlord claims that he as landlord seeks said housing accommodations in good faith, and that the altering and remodeling is reasonably necessary to protect and conserve housing accommodations and cannot practicably be done with the tenant in occupancy, and that the landlord has obtained a permit for the proposed altering and remodeling from the local building inspector of public improvements.

The tenant claims that the landlord is not in good faith, that said altering and remodeling are not reasonably necessary to protect and conserve the said housing accommodations at No. 448 N. Brandywine Avenue, that said altering and remodeling are not of a substantial nature, that if said altering and remodeling is allowed, that it can practicably be done with the tenant in occupancy, and that the landlord accepted from the tenant the rent for the month of December, 1947, and the rent for January, 1948, thereby nullifying the right of the landlord to maintain this proceeding.

The case was tried before the court without a jury.

The court finds that the rent for December, 1947, and the rent for January, 1948, for the lower flat of said premises was not accepted by the landlord, and that the landlord's rights to maintain this proceeding have not been nullified. It is true that money orders for the amount of rent for December, 1947, and the amount of rent for January, 1948, were sent by registered

mail to the landlord, and that the landlord received said registered mail. However, the money orders were not cashed, and they were produced upon the trial together with the envelopes in which they were sent, and received in evidence as landlord's Exhibits Nos. 3 and 4. At the time of the receipt of landlord's Exhibit No. 3, a thirty-day notice had already been served upon the tenant to remove on or before December 1, 1947. The receipt of said registered mail containing said money orders and the retaining thereof without cashing during the pendency of this proceeding and producing same as exhibits upon the trial, does not warrant the conclusion that rent for the months of December, 1947, and January, 1948, was accepted by the landlord. There is no evidence to warrant that the landlord intended to waive any of his rights to maintain this proceeding.

The court finds that the altering and remodeling proposed by the landlord are of a substantial nature. Plaintiff's Exhibit No. 7, a plan of said altering and remodeling, which also contained thereon some of the specifications for the work, and the testimony of the engineer who drew the plans, and the testimony of the contractor who has been engaged by the landlord to do the work, warrant the conclusion said altering and remodeling are of a substantial nature.

The court finds that said altering and remodeling cannot practicably be done with the tenant in occupancy. The testimony of the engineer and the testimony of the contractor and said Exhibit No. 7 of the landlord warrants such conclusion. It is true that the tenant has stated in his testimony that he is willing to occupy during such altering and remodeling, but that willingness cannot alter the facts produced in testimony by the landlord, nor the conclusions logically to be drawn therefrom. The subject matter must be approached not only from the point of view of the tenant, but also from the point of view of the landlord and contractor doing the work. The tenant must also be protected against his own improvidence in subjecting himself to a situation which would render his occupancy impracticable, notwithstanding his current willingness to occupy.

The court finds that the landlord has complied with the requirements of the Federal Housing and Rent Act of 1947 (U. S. Code, tit. 50, Appendix, § 1881 *et seq.*) with respect to obtaining "such approval as may be required by Federal, State, or local law for the alterations, remodeling, or any construction planned" by obtaining and producing upon the trial landlord's Exhibit No. 6, consisting of a building permit for the altering and remodeling shown in landlord's plan marked plaintiff's Exhibit No. 7.

The next claim of the landlord, namely, that the altering and remodeling is reasonably necessary to protect and conserve housing accommodations, and the denial of that claim by the tenant, brings up a moot question of law as to the meaning of paragraph (4) of subdivision (a) of section 209, which states in part, "and the altering or remodeling is reasonably necessary to protect and conserve the housing accommodations".

Said paragraph (4) of subdivision (a) of section 209 reads as follows: "the landlord seeks in good faith to recover possession of such housing accommodations for the immediate purpose of substantially altering, remodeling, or demolishing them and replacing them with new construction, and the altering or remodeling is reasonably necessary to protect and conserve the housing accommodations and cannot practically be done with the tenant in occupancy, and the landlord has obtained such approval as may be required by Federal, State, or local law for the alterations, remodeling, or any construction planned".

The landlord claims that the words in said section, "the housing accommodations", refer to controlled housing accommodations in the aggregate throughout all designated rental-areas of the United States, and relies upon the case of *Nickobon, Inc.*, v. *Ross* (189 Misc. 557), decided August 12, 1947, by the Municipal Court of the City of New York, Borough of Manhattan, Seventh District. The tenant claims that said words, "the housing accommodations", refer to the premises sought to be possessed by the landlord and relies upon the case of *Levin* v. *Mede* (189 Misc. 852) decided August 23, 1947, by the Municipal Court of the City of New York, Borough of Brooklyn, Sixth District.

Said portion of said rent law above quoted is not plain, certain, and free from ambiguity, and therefore, is subject to interpretation, and the rules of construction may be applied thereto. From the context of said paragraph (4) and from reading the said act in its entirety and applying the rules of construction, it is this court's conclusion that said words, "the housing accommodations", refer to controlled housing accommodations in the aggregate throughout all designated rental-areas of the United States.

As to the context of paragraph (4) of subdivision (a) of said section, it will be noted that at the beginning of said paragraph (4) where said paragraph refers to specific premises, the words used in said paragraph are "such housing accommo-

dations " and further on in said paragraph in referring back to said specific premises, the paragraph uses the word " them ". However, in the clause now under discussion, neither the word " such " is used to modify the words " housing accommodations ", nor in the place of " housing accommodations " is the word " them " used.

As to a reading of said act in its entirety, it is evident that the framers of the statute definitely had in mind the housing shortage and the relief of the same. In section 3 of said law, in connection with a provision for loans, they used the words " In order to assist in relieving the acute shortage of housing ".

The contention of the tenant that the said words " the housing accommodations " refer to a particular housing unit does not square with the intent of relieving housing shortage. Under the tenant's claim no altering or remodeling, although resulting in an increase of housing units (which increase would play its part in relieving the housing shortage), could be done unless it could first be proved that the dwelling in question was in such a state of disrepair or unsafe condition, that it was reasonably necessary to protect and preserve it. To await such decadence before any altering and remodeling were permitted under the statute, would thwart much needed increase in housing units and be contrary to the intent of the framers of the act to relieve housing shortage.

The said section under consideration does not attempt to cover any circumstance where repairs are needed. The words " altering and remodeling " cannot be strained to cover such a circumstance. Yet the tenant under his interpretation leads us away from the subject of altering and remodeling and into the sphere of repairs to protect and preserve a disintegrating dwelling, which sphere the framers of the statute very evidently did not think necessary to bring into the law since such a situation ordinarily would not require possession.

The purpose underlying the clause under consideration simply expressed is that if there is any altering and remodeling to be done it shall be done so as not to reduce the number of housing units, but to maintain existing housing units or increase them. This same purpose was expressed in the *Nickobon* case (*supra*) above mentioned wherein it was held in regard to the demolition of housing units that the new construction replacing them must be housing units.

The court takes judicial notice of the existence of the Federal Housing and Rent Act of 1947 and of the laws of the State of New York concerning housing control which are stand-by

acts which go into effect immediately in event of expiration or repeal or other termination of the Federal law, and of the fact that Schenectady is in a rental-area controlled by said laws and of the fact by inference from said laws and said location in the rental-area, that there is a housing shortage in the city of Schenectady, quite apart from the common knowledge that such housing shortage exists.

The court finds that the testimony submitted by the landlord shows that the altering and remodeling proposed by the landlord is reasonably necessary to protect and conserve housing accommodations.

The court finds that upon all of the testimony in the case the landlord is in good faith in seeking the housing accommodations in question for the purpose of altering and remodeling the same so as to convert the said lower flat at No. 448 N. Brandywine Avenue into two apartments.

The court, therefore, finds that the landlord is entitled to an order dispossessing the tenant. Kindly submit proposed order.

The court now stays the issuance of any warrant of eviction for eight days to permit the tenant to apply to this court for a further stay under section 1435 of the Civil Practice Act upon good grounds shown. The court will call this case for that purpose on March 16, 1948.